# Court of Appeals
# of the State of Georgia

ATLANTA,  May 21, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0145.  WIGGINS v. THE STATE.**

Following a jury trial, Jaime Wiggins was found guilty on March 13, 2013 of driving too fast for conditions, failure to maintain a lane, driving with a suspended/revoked license, driving under the influence of alcohol, leaving the scene of an accident, and reckless driving. Wiggins filed a timely notice of appeal, appealing the judgment and conviction, and asked that nothing be omitted from the record on appeal.  However, on July 18, 2017, the court reporter sent a letter to the superior court clerk stating that her equipment containing the trial transcript "crashed," and the transcript could not be recovered.  Wiggins failed to file a motion for new trial. Instead, he continued with his appeal, wherein he claimed three enumerated errors: (1) the inability to obtain a trial transcript deprived him of his due process right to appeal his conviction; (2) evidence presented at trial was insufficient; and (3) the trial court erred in denying Wiggins's motion in limine to suppress an out-of-court identification. Wiggins claims that a trial transcript would aid in his arguments regarding the second and third enumerated errors.

While[a] motion for new trial need not be filed as a condition precedent to appeal . . . where matters complained of arise or are discovered subsequent to verdict or judgment which otherwise would not appear in the record, such as newly discovered evidence, and in other like instances, a motion for new trial or other available procedure *shall* be filed and together with all proceedings thereon shall become a part of the record on appeal.

OCGA § 5-6-36 (a) (emphasis supplied). One of the matters of which Wiggins complains - that he has been unable to obtain a trial transcript- arose subsequent to the verdict. Therefore Wiggins was required to file a motion for new trial pursuant to OCGA § 5-6-36 (a). See OCGA § 5-5-41 (a). "This Court serves to correct errors of the trial court." *Dimauro v. State*, 341 Ga. App. 710, 722 (3) (c), n. 44 (801 SE2d 558) (2017) (citation and punctuation omitted). Wiggins failed to allow the trial court to rule on the alleged error. As Wiggins failed to comply with the procedure regarding a motion for new trial, we lack jurisdiction over this appeal. See OCGA § 5-6-36 (a). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/21/2018__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*